IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,
          Plaintiff,

v.                                              Civil Action No. 3:14-cv-583-JAG

DOUGLAS F. BATCHELOR,
          Defendant.

## OPINION

Douglas Batchelor failed to file his tax returns for four years. The Internal Revenue Service appropriately made substitute tax returns on his behalf and the government now seeks to reduce those unpaid income taxes to judgment. The Court finds no dispute of material fact in this case and, consequently, the Court will GRANT the government's summary judgment motion and DENY the defendant's summary judgment motion.

### I. Background

The United States sued Batchelor to reduce to judgment unpaid federal income tax liabilities for 2000, 2001, 2002, and 2003. The government filed this motion seeking summary judgment on February 27, 2015.[1] The *pro se* defendant filed a motion for summary judgment on March 2, 2015, and an amended motion for summary judgment on March 18, 2015.[2] The motions are now ripe for disposition.

---

[1] The government included the appropriate Roseboro notice to the *pro se* defendant. (Dk. No. 12.)

[2] Recognizing the defendant's *pro se* status, the Court will accordingly construe the pleadings more liberally than a case brought by an attorney. *See Gordon v. Leeke*, 574 F.2d 1147, *cert. denied*, 439 U.S. 970 (1978). At the same time, "[p]rinciples requiring generous construction of *pro se* [pleadings] are not . . . without limits . . . District judges are not mind readers." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1980).

In support of its motion, the government has submitted IRS Form 4340, Certificate of Assessments and Payments, for each relevant year, (Dk. No. 13, Ex. 2), and the Declaration of Tonja Stevens, a Revenue Officer in the Collection Division of the Internal Revenue Service ("IRS"). (Dk. No. 13, Ex. 1.) The forms indicate that Batchelor was assessed with $6,489.83, $71,131.46, $880,114.54, and $681,163.14 in federal income taxes for 2000, 2001, 2002, and 2003, respectively. These assessments totaled $1,638,898.97.[3] In order to prepare substitute returns, the IRS concluded that Batchelor Construction[4] acts as the alter ego of Batchelor. The IRS filed substitute returns based on income received from his interest in Batchelor Construction pursuant to 26 U.S.C. § 6020(b). The United States filed a notice of federal tax lien with the Clerk of the Circuit Court, King George County, against Batchelor for unpaid federal income taxes on August 20, 2010. (Dk. No. 13, Stevens Decl. at ¶ 8.)

IRS Officer Stevens met with Batchelor on July 25, 2013, in an effort to collect the unpaid tax liabilities. At that meeting, Batchelor executed an affidavit explaining his duties and responsibilities at Batchelor Construction. The government attached Wells Fargo bank statements for Batchelor Construction to the motion for summary judgment. (Dk. No. 13, Ex. 9). These statements indicate that Batchelor paid personal expenses out of the business' account. The statements reflect charges for his SunTrust mortgage, Target, Burger King, and Walmart, among other retailers. (Dk. No. 13, Exs. 9 & 10.) Batchelor also used another business credit card for personal expenses including restaurants, Dick's Sporting Goods, and American Airlines tickets. (Dk. No. 13, Exs. 9 & 10.)

---

[3] This amount reflects the unpaid balance as of August 18, 2014, when the Complaint was filed. (Dk. No. 1.) As of February 23, 2015, when the government's motion for summary judgment was filed, the amount owed was $1,708,222.38. (Dk. No. 13, at ¶ 9.)

[4] Batchelor acts as the President of Batchelor Construction, LLC, and he owns a 51 percent interest in the LLC. (Dk. No. 13, at ¶ 11–12.)

Batchelor concedes he failed to file income tax returns. He opposes the summary judgment motion and argues that the IRS failed to exhaust all administrative remedies as described in the Internal Revenue Manual ("IRM"). Batchelor insists that the $1,700,000 will never be collectible if the assessments are reduced to judgment and this alone precludes the government's motion. Batchelor also argues that he cannot possibly owe the amount claimed. He states the balance is "illusory" because he was never a "rich man" and his income for the years at issue mirrored his previous income.

## II. Analysis[5]

The government establishes a "*prima facie* case in support of tax liability by showing that an assessment has been made against a defendant." *United States v. Register*, 717 F. Supp. 2d 517, 522 (E.D. Va. 2010).[6] The United States has done so here by submitting Form 4340, Certificate of Assessments and Payments. *See United States v. Grant*, No. 1:12-cv-42, 2013 WL 3229684, at *2 (D. S.C. June 25, 2013); *United States v. Hunt*, 2011 WL 2471581, at *3 (E.D. Va., June 20, 2011).[7] "It is well established that as a general matter, the Commissioner's determination of deficiency is presumed correct, and the taxpayer bears 'the burden of proving it

---

[5] Summary judgment becomes appropriate when the movant establishes that no genuine dispute of any material fact exists and the party thereby is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). The Court resolves all genuine factual disputes and inferences in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962) (per curiam). Once the movant satisfies its showing for summary judgment, the burden shifts to the non-moving party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88, 106 S. Ct. 1348, 1355–57 (1986).

[6] *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002) ("It is well established in the tax law that an assessment is entitled to a legal presumption of correctness — a presumption that can help the Government prove its case against a taxpayer in court.").

[7] *See also United States v. Pomponio*, 635 F.2d 293 (4th Cir. 1980) ("The Government established a prima facie case in support of the tax liability charged in the complaints when it introduced into evidence the certified copies of the certificates of assessment." (citing *Psaty v. United States*, 442 F.2d 1154 (3d Cir. 1971)).

wrong.'" *Cebollero v. Commissioner*, 967 F.2d 986, 990 (4th Cir. 1992) (quoting *Welch v. Helvering*, 290 U.S. 111, 115 (1933)).

In support of its motion, the government provides Forms 4340 for the relevant years and Officer Tonja Stevens' declaration. These documents, presumed correct, shift the burden to the defendant to rebut the presumption. The burden shifts back to the IRS only after Batchelor demonstrates that the assessment was incorrect or arbitrary. *See Grant*, 2013 WL 3229684, at *2.

Batchelor disputes several aspects of the assessments, but he offers no evidence demonstrating that the IRS' assessment is arbitrary or incorrect. First, Batchelor argues that the IRS failed to exhaust all administrative remedies and therefore the IRS cannot bring this action. Second, Batchelor argues that the $1.7 million tax liability is not "a true measure of debt" because it is based upon substitute returns. Additionally, Batchelor insists the IRS will never collect the funds, and consequently the Court ought to grant his motion for summary judgment. And finally, Batchelor asserts that Batchelor Construction is not Batchelor's alter ego, and even if it was, the government may not reach Batchelor construction as a potential collection source.

Batchelor's arguments fail. The IRM does not have the force of law because it "confers no substantive rights or privileges upon taxpayers." *Groder v. United States*, 816 F.2d 139, 142 (4th Cir. 1987).[8] Thus, the IRS does not have to exhaust administrative remedies before bringing suit. *Id.* Also, Batchelor's mere allegations that the IRS' calculations are incorrect fails to overcome the government's properly supported motion for summary judgment. *Grant*, 2013 WL 3229684, at *2 ("In order to satisfy the burden after the Forms 4340 were submitted, [plaintiff]

---

[8] *United States v. Meisner*, No. 8:05-cv-100, 2007 WL 1290088, at *7 (D. Neb. May 2, 2007) ("It is universally held that the IRM does not have the force of law, does not confer rights on taxpayers, and is not binding on the IRS in litigation with taxpayers."); *see also Fargo v. C.I.R.*, 447 F.3d 706 (9th Cir. 2006); *Qureshi v. U.S.*, 96 A.F.T.R.2d 2005–5949 (Fed. Cl. 2005); *Carlson v. United States*, 126 F.3d 915, 922 (7th Cir. 1997); *United States v. Horne*, 714 F.2d 206, 207 (1st Cir. 1983); *United States v. Will*, 671 F.2d 963, 967 (6th Cir. 1982).

needed to demonstrate why the IRS's calculation was arbitrary or incorrect.").[9] Batchelor has "failed to present any evidence contradicting the IRS' assessment or otherwise raising any issue of fact[, so] the assessment is taken to be correct." *United States v. Sasscer*, No. Civ. Y-97-3026, 2000 WL 1683465, at *2 (D. Md. Nov. 8, 2000). The Code allows the IRS to make a return for Batchelor and that return "shall be good for all legal purposes." *Id.* Batchelor raises no genuine dispute that the returns were prepared incorrectly or arbitrarily. Finally, Batchelor's assertion that the judgment sought "is uncollectable" does not preclude summary judgment.

The IRS assessments of tax deficiencies are presumed correct, and the burden falls to Batchelor to prove that the assessment is incorrect or arbitrary. Batchelor offers no evidence contradicting the IRS assessment or otherwise raising any genuine dispute of material fact. The Court finds summary judgment appropriate.

### III. Conclusion

For the reasons discussed, the Court GRANTS the plaintiff's motion for summary judgment and DENIES the defendant's motion.

The Court will enter an appropriate order.

Let the Clerk send a copy of this opinion to all counsel of record and via U.S. mail to the *pro se* defendant.

Date: 5/19/15
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

---

[9] *See United States v. Holland*, 637 F. Supp. 2d 315, 318 (E.D. N.C. 2009) (noting that an assessment shifts the burden to the defendant to produce "competent and relevant evidence from which it can be found that he did not receive the income alleged") (citations omitted).

5